UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JOYCE F HENDERSON                                           CIVIL ACTION

VERSUS                                                      NO: 13-8

VINOD DASA, et al.                                          SECTION: "H"(2)


ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss pursuant to rule 12(b)(6). (R. Doc. 11.) For the following reasons, the motion is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE. Plaintiff shall have 30 days from the entry of this Order to file an amended petition.

BACKGROUND

Plaintiff, Joyce Henderson, filed this suit for injuries allegedly sustained as a result of a knee surgery which occurred on November 14, 2011. The purpose of the surgery was to replace her

1

then-existing artificial knee with a new artificial knee allegedly manufactured by Defendant, Stryker Corporation. Defendant argues that Plaintiff fails to state a legally cognizable claim under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51 *et seq*.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50. To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

In considering a motion to dismiss for failure to state a claim, a court considers only the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). A court may, at its discretion, exclude matters presented that are outside of the pleadings; however, if the court does not exclude these matters, it must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a court converts a Rule 12(b)(6) motion into a motion for summary judgment, the court must give the parties ample opportunity to present argument and evidence relevant to the motion. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 745 (5th Cir. 1986). Defendant has presented a document that is outside the pleadings in connection with this motion. However, the Court chooses to exclude the document and decide this matter on the pleadings alone.

**LAW AND ANALYSIS**

In this diversity case, Louisiana law controls. *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 681 (5th Cir. 2011). Plaintiff has asserted a claim under the LPLA as well as various negligence claims.

**I. LPLA Claim**

"To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made

3

the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002).

Plaintiff's petition alleges that Defendant is the manufacturer of the artificial knee implanted into her knee on November 14, 2011.  She also alleges she sustained various injuries as a result of the surgery.  She does not, however, allege what characteristic of the knee replacement rendered it unreasonably dangerous.  Under the LPLA, "[a] product is unreasonably dangerous if and only if: (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55; (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56; (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58." La. Rev. Stat. § 9:2800.54.  Plaintiff's petition includes a full legal description of each theory of recovery, but fails to allege with sufficient particularity how the knee was unreasonably dangerous.  Plaintiff's petition fails to provide any factual underpinning for the "short and plain statement showing that the pleader is entitled to relief" required by Rule 8(a) as to a design defect claim, a construction/composition claim or a breach of express warranty claim.

The only theory under the LPLA which Plaintiff even attempts to allege is that Defendant

failed to warn her "of the dangers associated with" the artificial knee. Under the LPLA, "[a] product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." La. Rev. Stat. § 9:2800.57. Plaintiff does not allege any specific characteristic of the knee about which Defendant had a duty to warn or that any such characteristic existed at the time it left Defendant's control. As the *Iqbal* court explained "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. Yet this is precisely what Plaintiff does in her petition. For this reason, Plaintiff's LPLA claim is dismissed without prejudice.

### II. General Negligence Claims

In addition to her LPLA claims, Plaintiff also alleges that Defendant "was negligent in other manners that will [be] proved at the trial of this matter on the merits." La. Rev. Stat. § 9:2800.52 provides that the LPLA, "establishes the exclusive theories of liability for manufacturers for damage caused by their products." Given that Plaintiff has alleged that Defendant is a manufacturer, and that Plaintiff's suit seeks damages as a result of an allegedly defective product, the court finds that Louisiana law explicitly precludes general negligence claims against manufacturer defendants. Courts have routinely dismissed other tort claims under similar circumstances. *See e.g. Stahl,* 283

5

F.3d at 261; *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F. Supp. 241, 245 (E.D. La. 1996).

## CONCLUSION

For the reasons previously stated, Defendant's Motion to Dismiss is GRANTED and Plaintiff's claims against Defendant, Stryker Corporation, are DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to file an amended petition within 30 days from the entry of this Order.

New Orleans, Louisiana, this 3rd day of September, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**