UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOYCE HENDERSON                                        CIVIL ACTION

VERSUS                                                 NO: 13-8

VINOD DASA, et al.                                     SECTION: "H"(2)

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 39).  For the following reasons, the

Motion is GRANTED IN PART.  All of Plaintiff's claims are DISMISSED WITH PREJUDICE except for her

construction/composition claim and her failure to warn claim.

BACKGROUND

Plaintiff, Joyce Henderson, filed this suit in Louisiana state court for injuries allegedly

sustained as a result of a knee surgery which occurred on November 14, 2011.  The purpose of the

surgery was to replace her then-existing artificial knee with a new artificial knee allegedly manufactured by Defendant, Stryker Corporation ("Stryker").  Plaintiff claims the Stryker knee was unreasonably dangerous in violation of the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51 *et seq*.  After removing the suit to this Court, Defendant filed a motion to dismiss.  The Court granted the motion to dismiss, finding that Plaintiff had failed to state a claim under the LPLA but allowing Plaintiff thirty days to amend her complaint.  Plaintiff timely filed an amended complaint, and Defendant responded with a second motion to dismiss.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).  The Court need not, however, accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 1949–50.  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.  *Id*.  The complaint must contain enough factual allegations to raise a reasonable expectation

2

that discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255–57.  If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim.  *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## LAW AND ANALYSIS

Plaintiff's amended complaint asserts only an LPLA claim.  "To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else."  *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002).  Under the LPLA, "[a] product is unreasonably dangerous if and only if: (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55; (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56; (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58."  La. Rev. Stat. § 9:2800.54.  Plaintiff has attempted to assert a claim under all four

3

statutory theories of "unreasonably dangerous."

**A. Construction/Composition**

"A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La Rev. Stat. § 9:2800.55.  Thus, in order to properly allege a construction or composition defect, Plaintiff must allege that the product she received differed from Defendant's own standards for the product.    Plaintiff has done this. Specifically, Plaintiff alleges that her knee system, when it left Defendant's custody, contained antibiotic bone cement which had expired.  She further alleges that this expired bone cement did not perform as required and that her knee loosened as a result.  Therefore, Plaintiff has pled sufficient facts to state a claim under the LPLA on the grounds that the knee was unreasonably dangerous in construction or composition.

Defendant argues that Plaintiff's complaint inaccurately states that expired bone cement was used in her knee, and that the expiration date on the cement only pertained to the antibiotics contained in the cement and not the cement itself.  In essence, Defendant disputes Plaintiff's factual allegations.  However, in a 12(b)(6) analysis, the Court must accept Plaintiff's allegations as true.  Defendant is free to re-urge this argument on summary judgment.

**B. Design Defect**

La Rev. Stat. § 9:2800.56 provides in part that:

> A product is unreasonably dangerous in design if, at the time it left its manufacturer's control:
>
> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
>
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

Thus, the statute requires Plaintiff to prove (i) that a safer alternative design existed at the time Defendants manufactured the Stryker knee, and (ii) "that the risk avoided by using the alternative design (magnitude of damage discounted by the likelihood of its occurrence) would have exceeded the burden of switching to the alternative design (added construction costs and loss of product utility)." *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 700–01 (5th Cir. 2012). Plaintiff has not pleaded sufficient facts to support this claim. Plaintiff's amended complaint includes nothing more than threadbare recitations of the elements of this claim. Plaintiff's amended complaint is virtually devoid of any factual allegations regarding the alleged defect or alternative design. Plaintiff's original petition was dismissed for these same deficiencies. Therefore, her design defect claim is dismissed with prejudice.

**C. Failure to Warn**

A  product is unreasonably dangerous due to a failure to warn if, "at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."  La Rev. Stat. § 9:2800.57. Plaintiff has pleaded that Defendant knew that the antibiotic bone cement was expired when it left Defendant's custody but that Defendant made no effort to warn her or her physician of the dangers associated with the expired cement.  The Court finds that these facts are sufficient to state a claim for a failure to warn under the LPLA.  Therefore, as to Plaintiff's failure to warn claim, the motion is denied.

**D. Breach of Express Warranty**

"A product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue."  La Rev. Stat. § 9:2800.58. Plaintiff's amended complaint contains nothing more than a threadbare recitation of the elements of this theory.  The complaint is devoid of any allegations regarding the content of the alleged warranty, much less an explanation of how that warranty was untrue.  Plaintiff's original petition was dismissed for these same deficiencies.  Therefore, Plaintiff's failure to warn claim is dismissed

6

with prejudice.

### CONCLUSION

For the reasons previously stated, Defendant's Motion to Dismiss is GRANTED IN PART. The only claims remaining for trial are Plaintiff's construction/composition claim and her failure to warn claim.

New Orleans, Louisiana, this 7th day of April, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**